**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LOCAL 507 INTERNATIONAL HOD CARRIERS' BUILDING AND COMMON LABORERS' UNION OF AMERICA, AFL–CIO, Respondent.**

**No. 19132.**

United States Court of Appeals Ninth Circuit.

Sept. 9, 1964.

Rehearing Denied Oct. 28, 1964.

———◆———

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Melvin J. Welles, Richard P. Lawlor, Attys., N. L. R. B., Washington, D. C., for petitioner.

Alexander H. Schullman, Los Angeles, Cal., for respondent.

Before POPE and BARNES, Circuit Judges, and THOMPSON, District Judge.

PER CURIAM.

This is a petition by the National Labor Relations Board for enforcement of an order against the respondent Union. The proceeding originated upon the complaint of two members of another union who alleged that they had been discriminated against when, upon attempting to register on the out-of-work list of the respondent Local which operated a hiring hall under contract with several employers, they were told that they could not be registered and that they must go to their own union hall to find work. The Board credited the testimony of the complaining would-be employees and found that the respondent had unlawfully refused to register the charging parties properly on its out-of-work list and refused to dispatch them to jobs as would have occurred if their names had been properly placed on the list. The Board held this a violation of § 8(b) (1) (A) and (2) of the National Labor Relations Board Act.

In the usual manner the respondent was ordered to cease and desist from failing and refusing to register these parties and was ordered to make them whole for any loss of pay suffered by them because of respondent's failure or refusal to register them properly and lawfully and respondent was required to post the usual notices. The decision and order of the Board is reported at 140 N.L.R.B. 1090 to which reference may be made for further disclosure of the facts in the case.

The matter before us presents only a question of fact and our inquiry is solely whether the order of the Board was supported by substantial evidence. We hold that it is and accordingly direct that the order of the Board shall be enforced.

So ordered.